[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband brought this action for a dissolution of the marriage on the ground of irretrievable breakdown by writ and complaint returnable February 14, 1995. He also seeks an equitable division of personal property and other relief as on file. The defendant wife appeared pro se and filed an answer in which she admitted all of the allegations of the complaint. In her cross complaint, she also alleges that the marriage has broken down irretrievably, and seeks a dissolution of the marriage. She seeks other relief as on file.
At trial, both parties testified and submitted financial affidavits. Plaintiff's counsel and the defendant made oral argument.
From the evidence, I find as follows.
The parties were married at Charlestown, South Carolina on September 29, 1992. The wife's birth name was Sally Williams. The husband had resided continuously in this state CT Page 7249 for at least one year before the date of the complaint. There are no minor children issue of the marriage, and none were born to the wife since the date of the marriage. All statutory stays have expired. This court has jurisdiction. Neither party has been a recipient of public assistance.
The wife has a daughter from a prior marriage. The husband is 26 years of age, a high school graduate, and in good health. He has been in the U.S. Navy for seven years and has reached the rank of E-5. He earns $380 per week gross and $314[1] per week net. The wife is a licensed practical nurse and 39 years of age. She earns $219 per week gross and $173 per week net; however, she appears at this time not to be working to the fullest extent of her earning capacity.
The parties separated in late 1994, when the husband left the marital home. After he left, he returned sporadically and would spend the night with the defendant. He began a relationship with another woman. The court determines that the husband's behavior was a substantial factor in the destruction of this very short marriage, which has indeed irretrievably broken down.
The parties have accumulated modest assets during the marriage. The mutual funds and savings bonds were accumulated by payroll deduction from the husband's earnings. The wife's earnings paid for household expenses. Neither party specifically sought alimony in their claims for relief.
I have considered all of the factors in General Statutes §§ 46b-81 and 46b-82, and the following orders shall enter.
The marriage is dissolved on the ground of irretrievable breakdown.
The wife's birth name of Williams is restored.
Each party shall take, have and own their motor vehicles, household furniture and furnishings and other tangible personal property now in his or her possession.
The plaintiff shall pay all of the obligations shown on Schedule 3 of his financial affidavit dated June 6, 1995; and the amounts remaining due the defendant on the pendente lite CT Page 7250 order entered April 10, 1995, and indemnify her and save her harmless from any claims or obligations arising out of the parties' involvement in High Tech Plus.
The wife shall pay all of the obligations shown on Schedule 3 of her financial affidavit dated June 1, 1995.
The husband shall be entitled to the bank accounts, his IRA account and the savings bonds shown on his financial affidavit. Any savings bonds in the wife's possession shall be turned over to the husband.
The wife shall be entitled to the bank accounts and the `common sense' trust fund shown on her financial affidavit.
The `common sense' growth fund of $1,076.64 shown on the husband's affidavit shall be equally divided between the parties.
No alimony is awarded to either party.
Teller, J.